# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| ERIC L. ANDERSON and CHRISTINE T. ANDERSON, husband and wife, and the following described real property, to wit:<br><br>Lot 54, HILL HOUSE SUBDIVISION NO. 2, Recorded on February 12, 1973 as Instrument No. 078416, Book 4 of Plats, Page 2, according to the official plat thereof, records of Valley County, Idaho<br><br>      Plaintiffs,<br><br>      vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF DOVER MORTGAGE CAPITAL 2005-A, Beneficiary, BANK OF AMERICA, N.A., RECONTRUST COMPANY, N.A., BAC HOME LOANS SERVICING, LP, and DOES 1-10 as individuals or entities with a Purported interest in the real property hereinabove described,<br><br>      Defendants. | Civil No. 1:11-cv-00231-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**DEFENDANTS' MOTION TO DISMISS**<br><br>(Docket No. 6)<br><br>**DEFENDANTS' MOTION FOR JUDICIAL NOTICE**<br><br>(Docket No. 7) |

      Now pending before the Court are Defendants' (1) Motion to Dismiss (Docket No. 6) and (2) Motion for Judicial Notice (Docket No. 7). Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

**MEMORANDUM DECISION AND ORDER - 1**

# I. <u>BACKGROUND</u>

This case concerns the non-judicial foreclosure sale of real property in Donnelly, Idaho, formerly owned by Plaintiffs Eric and Christine Anderson (collectively "Plaintiffs"). Plaintiffs claim that the foreclosure on their property violated Idaho foreclosure statutes. For the purposes of Defendants' Motion to Dismiss (the "Motion"),[1] "all of the [Plaintiffs'] allegations of material fact" are accepted as true. *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002).

On or around March 12, 2004, Plaintiffs purchased the at-issue property, receiving a loan in the approximate amount of $85,000 from Defendant Bank of America, N.A. ("BANA"); Plaintiffs' loan was memorialized in a promissory note and secured by a Deed of Trust to the Property. *See* Verified Compl., p. 3, ¶¶ 1-3 (Docket No. 1). The Deed of Trust was recorded on March 26, 2004 in Valley County, Idaho (Instrument No. 281264) and names (1) BANA as the lender and beneficiary, (2) Chicago Title Insurance Company as the Trustee, and (3) Plaintiffs as the borrowers. *See* Ex. B to Dina Aff. (Docket No. 7, Att. 3).

Plaintiffs stopped making payments on their loan on or around July 10, 2010. *See* Ex. E to Dina Aff. (Docket No. 7, Att. 6). Eventually, Defendants exercised their right to enforce the

---

[1] Defendants also request that the Court take judicial notice of several documents related to this action. *See* Mot. for Judicial Not. (Docket No. 7). Generally, with respect to FRCP 12(b)(6) motions, the Court may not consider any evidence contained outside the pleadings without converting the motion to one for summary judgment under FRCP 56, and allowing the non-moving party an opportunity to respond. *See* Fed. R. Civ. P. 12(b); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). Still, the Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004). The Court has considered the Affidavit of Amber N. Dina, and the documents attached thereto in support of Defendants' Motion for Judicial Notice. *See* Dina Aff. (Docket No. 7, Att. 1). There being no opposition to said motion and for good cause appearing, the Court hereby grants Defendants' Motion for Judicial Notice. Therefore, references to "the Motion" in this Memorandum Decision and Order speak to Defendants' related Motion to Dismiss.

**MEMORANDUM DECISION AND ORDER - 2**

security instrument and recorded a Notice of Default on December 28, 2010 in Valley County, Idaho (Instrument No. 357422). *See id.* The Notice of Default identified Defendant BAC Home Loans Servicing, LP ("BACHLS") as the beneficiary under the Deed of Trust.[2]

Around that same time, Plaintiffs received correspondence in the form of a December 24, 2010 "Important Legal Notice" from ReconTrust, indicating that the loan was in default and that BACHLS was the "name of the creditor to whom the debt is owed." *See* Ex. A to Verified Compl., pp. 3-4, ¶ 4 (Docket No. 1).

On December 28, 2010, Plaintiffs received a Notice of Default. *See* Ex. B to Verified Compl, p. 4, ¶ 5 (Docket No. 1). Although purporting to be "a true copy of the document that was recorded on 12/28/10 Instrument No. 357422 in Valley [C]ounty," the Notice of Default received by Plaintiffs on December 28, 2010 now identified Defendant Deutsche Bank Trust Company Americas, as Trustee for the Certificateholders of Dover Mortgage Capital 2005-A Corporation, Grantor Trust Certificate, Series 2005-A ("Deutsche Bank") as the beneficiary under the Deed of Trust. *See* Ex. B to Verified Compl, p. 4, ¶ 5 (Docket No. 1).

On or around January 13, 2011, ReconTrust, as successor Trustee, issued a Notice of Trustee's Sale. *See* Ex. C to Verified Compl., p. 4, ¶ 6 (Docket No. 1). The foreclosure sale took place on October 14, 2011, with the subject property being sold to Deutsche Bank. *See* Defs.' Mem. in Supp. of Mot. to Dismiss, p. 2 (Docket No. 6, Att. 1).

Plaintiffs originally asserted a multitude of claims against Defendants, premised upon various theories of recovery/relief, but later conceded during oral argument that their claims for (1) unjust enrichment, (2) Fair Debt Collection Practices Act violations, and (3) negligence no

---

[2] According to Defendants, on December 24, 2010, (1) the beneficial interest in the promissory note and Deed of Trust was assigned to BACHLS, and (2) Defendant ReconTrust Company, N.A. ("ReconTrust") was appointed successor Trustee. *See* Defs.' Mem. in Supp. of Mot. to Dismiss, pp. 1-2 (Docket No. 6, Att. 1).

**MEMORANDUM DECISION AND ORDER - 3**

longer applied. In these respects, therefore, Defendants' Motion to Dismiss is granted without further discussion. Still, arguing that Defendants nonetheless failed to comply with Idaho's foreclosure statutes by virtue of the inconsistent Notices of Default (recorded vs. mailed), Plaintiffs continue to pursue claims for (1) quiet title, (2) declaratory relief, and (3) injunctive relief. Defendants move to dismiss these three remaining claims.

## II. DISCUSSION

### A. Legal Standard

FRCP 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by an FRCP 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie the decision in *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the

**MEMORANDUM DECISION AND ORDER - 4**

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts.").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued two months after *Iqbal*).[3] The Ninth Circuit has held that "in dismissals

---

[3] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting, in part, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim . . . ." Given *Twombly* and *Iqbal's* rejection of the liberal pleading standards adopted by *Conley*, a question arises whether the liberal amendment policy of *Harris v. Amgen* still exists. Nevertheless, the Circuit has continued to apply the liberal amendment policy even after dismissing claims for violating *Iqbal* and *Twombly*. *See, e.g.*, *Market Trading, Inc. v. AT&T Mobility, LLC*, 2010 WL 2836092 (9th Cir. July 20, 2010) (not for publication). Accordingly, the Court will continue to employ the liberal amendment policy.

**MEMORANDUM DECISION AND ORDER - 5**

for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether the plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2008) (citations omitted).

**B.     Defendants Failed to Comply with Idaho Law**

The particular non-judicial foreclosure that Plaintiffs complain of here is governed by Chapter 15 of Title 45 of the Idaho Code. That chapter "provides a comprehensive regulatory scheme for non-judicial foreclosure of deeds of trust . . . ." *Spencer v. Jameson*, 211 P.3d 106, 115 (Idaho 2009); *In re Thorian*, 387 B.R. 50, 62 (Bankr. D. Idaho 2008) ("Title 45, Chapter 15 of the Idaho Code governs foreclosure of trust deeds."). Among the requirements that must be met before a trustee may initiate foreclosure sale proceedings is compliance with proper notice of default protocol. According to Idaho Code section 45-1505(3):

> The trustee or beneficiary shall have (a) filed for record in the office of the recorder in each county wherein the trust property . . . is situated, a notice of default identifying the deed of trust . . . and containing a statement that a breach of the obligation for which the transfer in trust is security has occurred, and setting forth the nature of such breach and his election to sell or cause to be sold such property to satisfy such obligation; and (b) mailed a copy of such notice by registered or certified mail, return receipt requested, to any such person requesting such notice of record as provided in section 45-1511, Idaho Code.

I.C. § 45-1505(3). Therefore, compliance with Idaho law requires the trustee to not only record the notice of default, but also to mail that same recorded notice of default to individuals with an interest in the property at issue.

**MEMORANDUM DECISION AND ORDER - 6**

Here, there is no dispute that the recorded Notice of Default is not the same Notice of Default sent to Plaintiffs – the recorded Notice of Default identified BACHLS as the beneficiary whereas the mailed Notice of Default identified Deutsche Bank as the beneficiary. *See supra* at pp. 2-3. While Defendants argue that such a circumstance represents "a distinction without a difference" (*see* Defs.' Reply in Supp. of Mot. to Dismiss, p. 5 (Docket No. 15)),[4] it fails to acknowledge that strict compliance with Idaho's foreclosure statutes is required. *See In re Thorian*, 387 B.R. at 63 ("Idaho case law makes it clear that 'the terms of the trust deed foreclosure statutes must be strictly complied with in order to satisfy the due process requirements of notice and opportunity to be heard.'" (quoting *Sec. Pac. Fin. Corp. v. Bishop*, 704 P.2d 357, 359 (1985)).

It may be true, as Defendants argue, that, despite its technical deviation from Idaho Code section 45-1505(3), the Notice of Default mailed to Plaintiffs still provided Plaintiffs with notice of their loan payment deficiency. *See* Defs.' Reply in Supp. of Mot. to Dismiss, p. 5 (Docket No. 15) ("Both documents show that as of December 24, 2010, the amount of the default is $4,947.28. Plaintiffs concede receipt of this Notice yet refused to cure their default for ten months before the foreclosure sale took place in October 2011. As a result, there is absolutely

---

[4] In this respect, Defendants explain the discrepancy as follows:

> [W]hen the Notice of Default was recorded as Instrument No. 357422 in Valley County public records, BACHLS was named as the Beneficiary on the Deed of Trust in keeping with the recorded Assignment of Deed of Trust to BACHLS. However, as explained above, BACHLS, the loan servicer, acts as the agent of the note Holder, Deutsche Bank, as Trustee for the investment trust, so the legal effect of designating either BACHLS or Deutsche Bank as the Beneficiary of the Deed of Trust is the same.

*See* Defs.' Mem. in Supp. of Mot. to Dismiss, p. 10 (Docket No. 6, Att. 1) (internal citations omitted).

**MEMORANDUM DECISION AND ORDER - 7**

no reason to invalidate the foreclosure sale." (internal citations omitted)). Defendants' argument is logical, compelling, and perhaps, if common law controlled the issue, persuasive toward dismissing Plaintiffs' claims. However, because statutory law mandates that the recorded Notice of Default correspond to the mailed Notice of Default (and Idaho case law interprets these statutes strictly), such an argument loses its potency, saying nothing of the alleged prejudice suffered by Plaintiffs as a result of the discrepancy in the Notices of Default. The undersigned will not venture down the slippery slope of determining which technical violations of Idaho's non-judicial foreclosure law operate to unwind a foreclosure sale and which ones do not. Instead, the Court follows the clear direction provided within Idaho Code section 45-1505(3).

With all this in mind, and being provided no legal authority holding otherwise, it cannot be said that Defendants complied with Idaho non-judicial foreclosure law. As a result, Defendants' Motion to Dismiss is denied in these respects.[5]

### III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss (Docket No. 6) is GRANTED, in part, and DENIED, in part, as follows:

    a. Plaintiffs' claims for (1) unjust enrichment, (2) Fair Debt Collection Practices Act violations, and (3) negligence are dismissed, without prejudice.

---

[5] With respect to their quiet title claim generally, Plaintiffs are reminded of their obligation to allege that they did or can tender payment of amounts due and owing. *See, e.g.*, *Gilbert v. Bank of America, N.A.*, 2011 WL 4345004, *2 (D. Idaho 2011) ("Without evidence or evan an assertion that Plaintiffs can or are willing to tender payment on their loan, they cannot succeed on their quiet title action, as a matter of law."). However, because the underlying Notice of Default is faulty by virtue of Defendants' non-compliance with Idaho law, such a requirement may be premature at this juncture of the litigation. Even so, to ultimately prevail on their quiet title claim, Plaintiffs are advised of such requirement.

**MEMORANDUM DECISION AND ORDER - 8**

b. Plaintiffs' claims for (1) quiet title, (2) declaratory relief, and (3) injunctive relief are not dismissed.

2. Defendants' Motion for Judicial Notice (Docket No. 7) is GRANTED.



DATED: **May 14, 2012**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**